## TRUMAN HUNT v. ISAAC M. MIDDLESWORTH.

*Variance—Deed intended as mortgage—Set-off.*

In an action to recover the balance due upon a foreign judgment, the declaration averred the recovery of judgment for a certain sum "and also the sum of $42.60 adjudged to said plaintiff" etc. The judgment record, introduced in evidence, showed a judgment for the sum named, "besides his costs and charges herein expended," and elsewhere showed that they had been fixed at the sum stated in the declaration. *Held* that there was no fatal variance, and though it was not shown how the costs were taxed the proceedings fixing their amount could not be presumed illegal.

A judgment in Michigan entitles the successful party to costs but does not usually fix their amount. When taxed the action fixing them relates back and they become part of the judgment.

On exchanging real estate one of the parties gave notes secured by a mortgage upon that which he received, but afterwards, being unable to pay them, reconveyed the property on an oral agreement that the other party should sell it, satisfy the mortgage from the proceeds, and pay him the surplus. The latter sold the property but did not pay over the surplus, and the former recovered judgment for it in another State, on which judgment he afterwards brought suit in this State. *Held* (1) that the plaintiff's right to recover in the former suit was based on the fact that the reconveyance was meant only as a mortgage; (2) that defendant's offer in the latter suit to show how the property was paid for when first conveyed, was rendered immaterial by the judgment; (3) that in the later suit the defendant's offer of the reconveyance to show that he was entitled to wheat growing on the land and to the rent of the premises to the date of their sale, the plaintiff having kept possession, was properly rejected, it having been adjudged that the conveyance was only a mortgage and that the mortgagee had received the full amount of his debt.

In a suit growing out of an exchange of property, defendant claimed as offset the amount which had been paid to perfect title to the property, which plaintiff had conveyed to him with covenants of warranty. But it appeared that he had himself quit-claimed the property to his son against whom judgment had been recovered in ejectment. On the trial his grantee had surrendered back the property. *Held* (1) that defendant, having conveyed by quit-claim, was not liable to his grantee, and that it was the latter, if any one, who had any remedy against the plaintiff upon the covenants of plaintiff's deed; (2) that defendant had no claim against the plaintiff for the amount expended

. in perfecting title, and the surrender of the property to him could not change the rights of the parties to that action; (3) that as defendant and his grantee had derived some benefit from the property, the consideration for the conveyance would not necessarily be the measure of damages for a breach of covenant, and as the damages would be unliquidated, they could not be the subject of set-off.

Error to Kalamazoo. Submitted Oct. 14. Decided Oct. 27.

Debt on judgment. Defendant brings error. Affirmed.

*T. R. Sherwood* for plaintiff in error.

*Dallas Boudeman* for defendant in error. Covenants of warranty run with the land and can be sued on only by the party owning the land when they are broken: 3 Washb. R. P. (4th ed) 661–73; *Coleman v. Lyman* 42 Ind. 289; *Martin v. Baker* 5 Blackf. 232; and if he deeds to another he transfers his right of action (*Kitchell v. Mudgett* 37 Mich. 81; *Rowe v. Beckett* 30 Ind. 154; *Nicholson v. Caress* 45 Ind. 479) and cannot recover for the same cause of action: *Booth v. Starr* 1 Conn. 244; *Chase v. Weston* 12 N. H. 413. A mortgager is entitled to the use of the premises and the crops grown on them so long as the mortgagee leaves him in possession: 1 Jones Mort. § 670; *Boston Bank v. Reed* 8 Pick. 459; *Mayo v. Fletcher* 14 Pick. 525; *Noyes v. Rich* 52 Me. 115.

MARSTON, C. J. Middlesworth brought this action against Hunt to recover a balance due upon a judgment recovered in one of the circuit courts of the State of Indiana. The defendant in the present action pleaded the general issue and gave notice of set-off.

I. Counsel for defendant objected to the introduction in evidence of the Indiana judgment record, because it showed no judgment for costs and thus varied from the declaration. The latter averred the recovery of a judgment for a certain sum "and also the sum of $42.60 adjudged to said plaintiff," etc. The record showed a judgment for the sum named in favor of the plaintiff therein, "besides his costs and charges herein expended." It appeared from other parts of the

record that the costs had been in some way, but how did not appear, fixed at the sum mentioned in the declaration.

We are of opinion that in this there was no variance that could be considered fatal. In this State the judgment would not usually fix the amount of the costs, although entitling the successful party to costs. And when the amount thereof should afterwards be determined by the proper officer, such act would relate back and make the amount so fixed a part of the judgment, and might be referred to as having been recovered therein. This is the legal effect of the judgment and subsequent proceedings, and although it does not appear what officer taxed the costs, yet we cannot presume the proceedings in fixing the amount were irregular or illegal.

II. The offer by defendant to show how the mill property purchased in 1872 was paid for, was wholly immaterial. The judgment obtained in 1876 rendered that question of no sort of importance in this issue.

III. The offer made by defendant to show the conveyance by plaintiff to him of the mill property was rejected, and this is assigned as error.

This mill property had been conveyed by Hunt to Middles-worth in 1872, for a consideration of seven thousand dollars. In part payment thereof Middlesworth conveyed to Hunt certain hotel property at an agreed price of $3000, and gave his notes, secured by mortgage upon the mill property, for the balance less the value of certain personal property. He afterwards gave a second mortgage upon the mill property. Being unable to meet these mortgages at maturity, Middlesworth reconveyed the mill property to Hunt, the latter retaining Middlesworth's notes thus secured by mortgages, upon an oral agreement that either should be at liberty to find a purchaser for such property, and that when sold, Hunt, out of the proceeds thereof, should deduct and retain the amount owing him upon such mortgage indebtedness, and pay over the balance, if any, to Middlesworth. The mill property was sold and the action brought by Middlesworth in the Indiana court was to recover the amount going to him under that agreement. In that action the plaintiff set forth

clearly and specifically the facts, and alleged that the conveyance by him of the mill property to Hunt was intended as a mortgage. This was denied by the defendant, who claimed that at the time of such conveyance the notes which he held were surrendered up to the grantor and that such conveyance was made in satisfaction of, and to prevent, a foreclosure of the mortgages. The jury found a verdict in favor of the plaintiff in that case, and, in answer to questions submitted to them, found the plaintiff's version to be correct and that defendant's theory was not true.

It has been argued in this case that it was wholly unnecessary in the Indiana case to decide what the effect of the verbal agreement was upon the deed, but we do not think so. The issue seems to have been fairly raised in that case and the plaintiff's right to a recovery to depend upon the fact that such conveyance was intended as a mortgage only. The offer of such deed in this case was to show that the grantee was entitled to certain wheat then growing upon the land, and also to the rent of the mill from the date of the conveyance to the time of the sale, the grantor having remained in possession during such interval.

The offer was properly rejected. It had been judicially determined that the conveyance in question was but a mortgage and that the mortgagee had received thereunder the full amount of his mortgage debts, and when he had once received this amount he could not thereafter claim anything farther. If he was entitled to the rents and profits he should have made that claim in the other case, but in no event can we see any ground upon which he can now claim the same.

IV. It is next claimed that the hotel property was not owned in fee-simple by Middlesworth at the time he conveyed it to Hunt; that the title was afterwards in an action of ejectment adjudged defective, and that the value thereof or consideration paid therefor—$3000—should be allowed as an offset in this case.

To this there are serious objections. The hotel property was conveyed by warranty deed in 1872 and the grantee took possession. In 1876 Truman Hunt, the grantee, conveyed this

property by quit-claim deed to his son Seth Hunt. In the ejectment suit to recover this property Seth Hunt was a party defendant and judgment was rendered against him therefor in 1878.

Truman Hunt having conveyed by quit-claim, was not liable to his grantee. The latter, if any one, had a remedy upon the covenants in the deed from Middlesworth to Truman Hunt, so that at the time this action was commenced Truman Hunt had no claim against his grantor growing out of the conveyance of that property, and the surrender from Seth Hunt, during the trial, could not change the rights of the parties in this action. In the next place both Truman Hunt and his grantee had been in possession of this hotel property for a series of years. They had derived some benefit from the conveyance, so that it would not necessarily follow that the agreed consideration therefor would in an action for a breach of covenant be the measure of damages. In such an action the damages would be unliquidated, and such damages cannot be the subject of a set-off.

We are of opinion that the judgment must be affirmed with costs.

The other Justices concurred.