WILLIAM C. BUSCH v. J. HUFF JONES ET AL.

[See 82 Mich. 315, 336.]

94  223
106  517
94   223
138  ¹ 56

*Set-off—Withdrawal of part of plaintiff's demand—Res judicata —Statute of limitations.*

1. 3 How. Stat. § 7370a, which provides that where the defendant has given notice of set-off the plaintiff shall not be allowed to discontinue his suit or submit to a nonsuit, does not prevent the plaintiff from withdrawing certain items of his claim from the consideration of the court and jury.

2. Where in such a case the parties proceed to trial upon the remaining items of plaintiff's claim and the items of defendant's set-off, and a judgment is rendered in favor of the defendant, the items so withdrawn are not *res judicata*, but may be set off by the plaintiff in a suit pending against him in favor of the defendant at the time of such withdrawal, if a proper subject of set-off.

3. While the statute of limitations should be construed according to its terms, it is not proper to give it a construction so technical in its character as to deprive a party of a legal right, which the terms of his contract plainly give to him.

4. 3 How. Stat. § 7370a, which forbids a discontinuance or submission to a nonsuit by a plaintiff where the defendant has given notice of set-off, is construed as follows:

    a—The object of the statute is to enable the defendant to proceed and prove his set-off in the case begun against him, and not to permit the plaintiff, at his own convenience or desire, to discontinue the suit, and thus deprive the defendant of a right which he acquires as soon as he submits his demand by way of set-off to adjudication in said suit.

    b—This right is to be determined by the conditions existing at the time the notice of set-off is given; and, if at that time the defendant's demand is of such a character that it can be legally set off, he is entitled to remain in court in that suit until an adjudication is had upon said demand, and if he establishes it he is entitled to a judgment for all exceeding the claim the plaintiff may prove against him in the case, which right remains, regardless of the fact that the plaintiff proves or does not prove any claim against him, and regardless of

whether or not the plaintiff withdraws any portion of his claim from consideration in the case, or whether or not he offers. any proof at all in his behalf.

Error to Wayne.    (Hosmer, J.)    Argued December 1,. 1892.   Decided December 22, 1892.

*Assumpsit.*    Defendants bring error.    Reversed.    The facts are stated in the opinion, and in 82 Mich. 315, 336.

*John D. Conely (George A. Wilcox,* of counsel), for appellants.

*Cowles & Jerome (W. L. Carpenter,* of counsel), for plaintiff.

DURAND, J.    This suit was begun by summons on December 24, 1890, to recover on a *supersedeas* bond executed by the defendants to the plaintiff, and in which bond the defendant Wilcox is the principal, and the other defendants are sureties.    The defendants pleaded the general issue, and gave notice of set-off.

This bond was given by the defendant Wilcox and his sureties on the removal by him from the Wayne circuit to this Court of the case of *Busch v. Wilcox,* reported in 82 Mich. 315, 336.    The action in that case was based upon an alleged fraud growing out of the misstatements of the agent of Wilcox in reference to the quantity and quality of certain pine timber which Busch, by the terms of a. logging contract, then entered into, agreed to cut and haul for Wilcox.    Busch recovered a judgment in that case for his damages, which was finally affirmed in this Court on December 5, 1890, at the sum of $5,000.    The facts are very fully stated by Chief Justice CHAMPLIN in the case referred to, and only such facts will be stated here as may be necessary to a determination of the case made by this. record.

During the pendency of the suit for fraud, and in 1887, Wilcox, who, on account of the legal objections which interposed, could not make the claim which he asserted against Busch available as a set-off in that case, brought his action against Busch in the Wayne circuit court, claiming for certain unliquidated damages growing out of the same logging contract, and also for certain overpayments made thereon during the winter and spring of 1884. Busch gave notice of set-off, covering certain items of damage growing out of his services in taking care of and towing the logs to Cheboygan. This latter case was thus at issue when the case now being considered was begun. Wilcox, desiring to make his claim for overpayments available as a set-off in the present case, furnished the particulars thereof under his notice, and, upon the objection of *auter action pendant* being made, attempted to discontinue the case of *Wilcox v. Busch,* referred to. This he was not permitted to do, on account of the prohibition contained in 3 How. Stat. § 7370a, which provides—

" That in any action hereafter commenced in this State, when the defendant has given notice of set-off, the plaintiff shall not be allowed to discontinue his suit, or submit to a nonsuit, without the consent of the defendant."

Thereupon Wilcox filed a withdrawal from that case of the items of overpayment, and thereafter the case proceeded to trial on the remaining items of Wilcox's claim, and upon the items of set-off pleaded by Busch; and a judgment was finally rendered therein, in favor of Busch, for the sum of $931; the circuit judge charging the jury in that case that as Wilcox had withdrawn the item of overpayment from the case, and transferred it to another case for adjustment, they could not consider that question. These items of overpayment were then urged by Wilcox as a set-off in this suit; the plaintiff objecting—*First,* that Wilcox

had no right to withdraw them from the case of *Wilcox v. Busch;* and, *second,* that the claim under or on account of them was barred by the statute of limitations.    The circuit judge ruled against the objection on the first proposition; but in his charge to the jury, on the second proposition, he held that the claim was outlawed, and directed a verdict for the full amount of the bond sued upon, thus depriving the defendant Wilcox of all claim under the set-off pleaded.    This is claimed as error.

We agree that the circuit judge was correct in his ruling that Wilcox had the right to withdraw his demand for over-payments from the suit of *Wilcox v. Busch.*    This did not work a discontinuance of the suit.    The object of the statute referred to is to enable the defendant to proceed and prove his set-off in the case begun against him, and not to permit the plaintiff in a suit, at his own convenience or desire, to discontinue it, and thus deprive the defendant of a right which he acquires as soon as he submits his demand by way of set-off to adjudication in a suit begun against him.    This substantial right is to be determined by the conditions existing at the time the set-off is pleaded; and, if at that time the defendant's demand is of such a character that it can be legally employed as a set-off in the particular suit in which he pleads it as such, he is entitled to remain in court, in the same suit, until adjudication is had upon it, and if he establishes it he is entitled to a judgment for all exceeding the claim the plaintiff may prove against him in the case.    And this right remains, regardless of the fact that the plaintiff proves or does not prove any claim against him, and regardless of whether or not plaintiff withdraws any portion of his claim from consideration in the case, or whether or not he offers any proof at all in his behalf.    So long as the case itself stands, the right of the defendant to prove his set-off remains, and

·the purpose of the statute is accomplished. This was done·
in the case referred to, and Busch recovered judgment for
the amount of his set-off after Wilcox had withdrawn these
items of overpayment from the consideration of both court
·and jury. This was all that he, as the defendant in that
suit, had a right to claim; and the items of overpayment
referred to having been withdrawn by Wilcox, as stated, it
·cannot be said that they should be treated as *res judicata.*

This brings us to the discussion of whether or not · the
circuit judge was right in holding that the items referred
to were barred by the statute of limitations. It will be
seen that all the claims and suits mentioned have grown
out of the logging contract which was entered into by
Busch and Wilcox in September, 1883. The contract pro-
vided that Busch was to cut into saw-logs, and put afloat
in the waters of Lake Huron, all the pine timber upon
certain lands described in a schedule attached to the con-
tract, during the winter and spring of 1884, so that they
might be sawed into lumber during the summer of 1884.
If the weather or insurmountable obstacles prevented a
full completion of the contract in that time, Busch was
to have another year in which to complete it. For this
work Wilcox was to pay Busch $4.25 per 1,000 feet,
board measure, according to the rule and custom of scaling
in Saginaw waters, to be scaled by a competent scaler to
be agreed upon by the parties. Five thousand dollars of
this sum was to be paid down, $5,000 was to be paid
during the winter and spring of 1883 and 1884, and the
balance, in full, was to be paid on the completion of the
contract. Busch went to work under this contract, and
cut, as was estimated, about 4,000,000 feet of the timber
during that winter, and received from Wilcox, at different
times down to April 15, 1884, the sum of $17,142.36.
When · the actual measurement was subsequently made,
it was ascertained, as a matter of fact, that Busch had

cut only about 3,250,000 feet of logs, and that he had, therefore, received considerably more than $3,000 in excess of what he should have received for what he had done under the contract. The contract was never fully completed by Busch, and the actual amount of money which Wilcox had over-paid him was not ascertained definitely until the last of the lumber was shipped, which was in the early part of July, 1885. Plaintiff contends that the claim of Wilcox on account of these overpayments became due when the last payment was made, in April, 1884, or that it, at least, became due as early as October or November, 1884, when an estimate of the unmeasured lumber was made; and the circuit judge so charged the jury, and that, as that was more than six years before the commencement of this suit, the claim was barred by the statute of limitations.

We do not think that the circuit judge was right upon this proposition, under the evidence in the case. The contract provided for a scaler, but a scaler was never appointed, and there was evidence in the case that after the making of the contract the parties agreed upon another course which was to be taken in order to ascertain the amount of logs cut. The lumber of these logs was sawed at Packard Bros.' mill, in Cheboygan, and after it was sawed it was to be shipped to Noyes & Sawyer, of Buffalo, who were to have the lumber. Mr. Noyes testified upon this subject that he was interested in the logging contract, and gave some attention to the matter after the contract was made. He then says:

"I wanted some one in the woods to scale the logs, and I had written to Mr. Busch about it, and had talked to him about it. I was up there in March, and I then said to Mr. Busch, 'Are those logs all on the skid, so we can get at the ends of them, to scale them?' I said, 'It is very important that we should know how many there are.' He said: 'There is no use of going to the expense of

that. When the lumber is sawed and measured and shipped, we shall know how much there is of it, and I have agreed to take that measurement with Mr. Hall.'"

Mr. Hall was the agent of Wilcox, and acted for him in that capacity when the contract was made. If this testimony is true, Wilcox was entitled to wait until the lumber was shipped in order to ascertain definitely how much there was of it, and how the account stood between him and Busch in reference to it. When the last of the lumber was shipped, in July, 1885, the exact amount of it was first definitely fixed; and if, as a matter of fact, Busch agreed to take the measurement as fixed at the time of the shipment,—as this testimony tended to show that he did,—the statute of limitations did not begin to run until that date, either as to anything to which Busch might have been entitled for work done under the contract, or as to anything due to Wilcox on account of overpayments made by him for work done under the contract. The right to an accurate measurement of the lumber at a given time or at shipment is a substantial right, and one which it is quite necessary to observe, in order to show what either party may owe to the other under it. When freed from mere technicalities, it must be apparent that the ordinary business man would so understand it; and, while the statute of limitations should be construed according to its terms, it is not proper to give it a construction so technical in its character as to deprive a party of a legal right, which the terms of his contract plainly give to him.

As the case must go back for a new trial, we purposely refrain from commenting upon the other testimony given upon each side in relation to the subject discussed. It is sufficient to say that under the evidence in the case the circuit judge erred in holding that the defendants' items of set-off were outlawed. The case should have been sub-

mitted to the jury in accordance with the general view that we have expressed.

The judgment is reversed, with costs of this Court, and a new trial granted.

The other Justices concurred.