## LONG et al. v. LOCKMAN.

(District Court, D. Colorado. January 25, 1905.)

### No. 836.

**INVOLUNTARY BANKRUPTCY—JURISDICTION—RESIDENCE—ESTOPPEL.**

An involuntary bankruptcy proceeding having been commenced against decedent in Arkansas, he filed a sworn plea to the jurisdiction, denying his residence in that state, and asserting that he was a resident of Colorado, whereupon the proceeding was dismissed, and the creditors, at considerable expense, commenced a new proceeding in Colorado, pending which the bankrupt died. *Held*, that the bankrupt's administrator was estopped to deny in such proceeding that the bankrupt was a resident of Colorado.

H. W. Currey and W. L. Dayton, for creditors.
Bicksler, McLean & Bennett and A. M. Berry, for administrator.

McPHERSON, District Judge. This is a proceeding in involuntary bankruptcy instituted against R. H. Williams, since which time he has died. That he was, at the time the proceedings were brought, insolvent, in my judgment, is not open to debate, and I am content in stating the fact. And it is equally clear to my mind that he had within the statutory period transferred and concealed his assets, and for the fraudulent purpose of defeating his creditors, who became such by being swindled, cheated, and defrauded by Williams. There is no one fact of which the court is apprised, connected with the so-called business transactions of Williams, but that merits condemnation, and the fact that he is dead in no sense mitigates the conclusion reached. Judge Trieber, when the case was before him, as reported in 120 Fed. 34, 35, tempered his language when he said:

"The debtor [Williams] is a gambler, traveling from place to place plying his vocation. He arrived at Hot Springs, Arkansas, in this district, and had carried on his business there for two months prior to the filing of the petition to have him adjudicated a bankrupt, which was for a longer period than he has carried on his business or resided in any other district."

The District Court for the Western District of Arkansas (Judge Trieber presiding) dismissed the proceedings because of a want of jurisdiction, for that the said Williams was not a resident of that district. Within a few days the petition was filed herein (January 8, 1903). March 2, 1903, the subpœna having been served by publication, the alleged bankrupt appeared in this court by counsel and attacked the petition, and on the following day moved to dismiss

the proceeding. A few days thereafter (March 23, 1903) the motion was denied, and an amendment to the petition was required the following day, which order the petitioning creditors complied with. The alleged bankrupt asked for time in which to answer, which was refused. For this error the judgment of adjudication was reversed by the Circuit Court of Appeals. 132 Fed. 1. An answer having been filed, and evidence having been taken and offered, the contention, in addition to denying insolvency and acts of bankruptcy, now is that this court, like the District Court of Arkansas, is without jurisdiction, because his residence or domicile when the case was brought was elsewhere than Colorado, to wit, Missouri.

The evidence shows that there is a son (a lad) of Williams, by a wife some years deceased. Williams had no home at any place. Wherever the evidence shows him to have been—whether in Colorado, Arkansas, or Missouri—he stopped at hotels, boarding houses, and restaurants. For a year or more prior to his death, it is claimed, he had what some of the witnesses call a "common-law wife." But she has not testified in this case, although residing now at Wichita, Kan., as claimed. A few days before this proceeding was brought, Williams registered at a hotel in Arkansas as from "Colorado." As every person must, for jurisdictional purposes, have a domicile somewhere, and cannot be treated as a vagabond, although he may in fact be one, if this were an original question I would find that he was a resident of southwestern Missouri when the petition was filed. He had been there more than elsewhere, and covering a longer period of time. It was there that the conspiracies were formed, and most of them consummated, connected with which so many were swindled in such large sums in his fraudulent "foot-racing schemes." The evidence is very slight as to any residence in Colorado, and there is reliable evidence that he did not reside in Colorado. But for jurisdictional purposes he resided somewhere, and that residence was in one of the three states named. It has been judicially determined on his motion that it was not in Arkansas. Therefore it must have been either in Missouri or Colorado. But as against the greater weight of the evidence, that, as an original question, his residence was in Missouri, is the one fact that he registered as from Colorado; and, in my opinion, the controlling fact is that when his case was before Judge Trieber, in Arkansas, Williams, in person, in order to defeat the jurisdiction of that court, presented his own affidavit that he was a resident of Colorado; and, the case being dismissed in Arkansas, the petitioning creditors, acting upon that affidavit, lodged the case in this court, and at much expense. The petitioning creditors acted upon that affidavit. They brought the case here. They by so doing have given time and incurred expense. If Williams were living, the lapse of time would defeat a proceeding in bankruptcy in Missouri or elsewhere. But when the answer herein was filed, and the Missouri residence asserted, Williams was dead, and, of course, proceedings in bankruptcy could not be instituted. Therefore how can it be said that this court is without jurisdiction? To so hold is to place a premium upon perjury. The administrator cannot do

that which Williams could not do if he were alive and here defending. In my opinion, Williams in his lifetime was, and the administrator now is, estopped from denying that his residence was in Colorado when the petition herein was filed. There is no claim that, between the time he filed his affidavit before Judge Trieber and the time the petition herein was filed, Williams had changed his residence. It was at one and the same place on both dates. Every element of estoppel is in the evidence, and the evidence on that question is not in conflict. Williams, under oath, said his residence was in Colorado. He received the advantage from that oath. The petitioning creditors acted on it. They filed their petition here. They have incurred much expense by reason of that oath. It cannot now be controverted. It could not be of interest to any one if I were to follow counsel on both sides, in their elaborate and able arguments upon the meaning of the words "residence" and "domicile." Williams, in his plea to the jurisdiction of the Arkansas court, supported by his affidavit, meant to say, and did say, and Judge Trieber so understood it, that the "residence" was in Colorado, so that this court only had jurisdiction over him in a bankruptcy proceeding, and that for that reason the court in Arkansas was without jurisdiction. Neither could it be of interest to any one if I were to review the many cases cited for and against the proposition that it is competent to show what Williams said in his peripatetic visits, sometimes in one state and sometimes in another. I pass those questions by, and hold that this court has jurisdiction upon the grounds of estoppel. And that filing pleadings, offering evidence, making objections, obtaining rulings, and so forth, in one case, may be an estoppel in another case, see the following: Davis v. Wakelee, 156 U. S. 680, 15 Sup. Ct. 555, 39 L. Ed. 578; Sullivan v. Colby, 71 Fed. 460, 18 C. C. A. 193; R. R. v. Howard, 13 How. 307, 336, 14 L. Ed. 157; Michels v. Olmstead, 157 U. S. 198, 15 Sup. Ct. 580, 39 L. Ed. 671; Busch v. Wilcox (Mich.) 64 N. W. 485.

There will be an adjudication of bankruptcy, and a reference of the case to a referee.