## In re ETTINGER.
### No. 332.

Circuit Court of Appeals, Second Circuit.
Argued March 11, 1935.

Decided April 1, 1935.

Russell C. Gay, of New York City, for appellants.

David Haar, of New York City, for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

Appealing by permission of this court, the appellants seek a review of an order denying a motion to vacate an order of adjudication in bankruptcy entered against the bankrupt. The application was based on lack of jurisdiction of the District Court because the bankrupt, who filed the voluntary petition August 31, 1932, falsely stated therein that he had a principal place of business within the Southern District of New York. He filed a petition for discharge December 14, 1932. Appellants filed a proof of claim January 1, 1933, and on February 20, 1933, filed specifications opposing the bankrupt's discharge.

The bankrupt resided at Toledo, Ohio, and claimed a principal place of business at 1440 Broadway, New York City, which latter proved to be the office of his attorney of record. An examination of the bankrupt, completed May 1, 1933, justified the claim of lack of residence or place of business within the district. The question of his discharge was actively litigated until August 5, 1933, when the appellants moved to vacate the adjudication because of lack of jurisdiction. This issue was sent to a special master, to hear and report. On December 14, 1933, he found against the bankrupt and recommended that the adjudication be vacated and the petition be dismissed. The District Court, however, ordered that the motion to vacate the order of adjudication be denied.

The District Judge held that the appellants recognized the validity of the proceedings by participating in them, filing claims, and delayed for an inexcusable length of time when others' rights intervened.

Section 2 of the Bankruptcy Act (11 USCA § 11) gives the bankruptcy courts jurisdiction "to (1) adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof. * * *" Even after an adjudication in bankruptcy, upon a voluntary petition, and even after creditors prove their claims, if a creditor learns for the first time that a bankrupt had not established a bona fide residence or domicile within the jurisdiction, and moves to vacate an adjudication for lack of jurisdiction, the motion may be granted. Also, it is the duty of the court, sua sponte, when it believes its jurisdiction may have been imposed upon, to inquire into the facts and act in accordance therewith. In re Laubheim Bros., Inc., 22 F.(2d) 910 (C. C. A. 2); In re Garneau, 127 F. 677 (C. C. A. 7). So a motion to vacate an adjudication may be made by an interested party and granted by the court where the absence of jurisdictional requirements is found subsequent to the adjudication. Chicago Bank of Commerce v. Carter, 61 F.(2d) 986 (C. C. A. 8); In re American Bond & Mortg. Co., 61 F.(2d) 875 (C. C. A. 7). The court may deny such application to vacate if the moving party is guilty of laches or has been estopped by his conduct. Mason v. Dean, 31 F.(2d) 945 (C. C. A. 9). This for the

reason that an interested party may not stand by and allow the administration of the estate to proceed until he considers that it will be to his advantage to avoid the adjudication. He must move promptly. In re De Lue, 295 F. 130 (C. C. A. 1); In re New England Breeders' Club, 169 F. 586 (C. C. A. 1). However, the power to vacate an adjudication exists where it is established that the jurisdictional facts alleged in the petition are untrue. In re American & British Mfg. Corp. (D. C.) 300 F. 839; In re San Antonio Land & Irrigation Co., Ltd. (D. C.) 228 F. 984; In re Guanacevi Tunnel Co., 201 F. 316, 317 (C. C. A. 2).

■ Did the appellants fail to act in time? The fact that they filed a proof of claim does not, alone, constitute an estoppel. The bankrupt consented to a reference without, at the time, raising the question of timeliness of the appellants' motion and waived the right to except to the report of the master. National Circle, Daughters of Isabella v. Nat. Order, 270 F. 723 (C. C. A. 2); Atlantic Coast Line R. R. v. Burnette, 239 U. S. 199, 36 S. Ct. 75, 60 L. Ed. 226. The bankrupt might have raised the question of timeliness of the appellant's application on the return day of that motion, but he did not object to the reference. This constituted a waiver. Ramsey v. Home Mortg. Co. (D. C.) 47 F.(2d) 621; Smith v. Brown, 3 F.(2d) 926 (C. C. A. 5).

Since the lack of jurisdiction was raised here as soon as the appellants learned what were the facts as to residence or place of business, because, prior thereto, in ignorance of the facts, they took steps to protect their interests, it cannot be said that such conduct amounted to an estoppel, and they were free to urge the want of jurisdiction of the court below. Lack of jurisdiction is a question the court should consider whenever and however raised even if the parties forbear to raise it, or consent that the case may be heard upon its merits. Metcalf v. Watertown, 128 U. S. 586, 9 S. Ct. 173, 32 L. Ed. 543; In re Laubheim Bros., Inc., supra; 1 Remington on Bankruptcy, p. 481.

No conflicting rights have intervened; there were no assets to distribute, and others could not be prejudiced by setting aside the adjudication. Since the appellants moved promptly, their application should have been granted.

Order reversed.