**In re TROSS.**

**No. 18575.**

District Court, W. D. New York.

April 15, 1938.

Kent Christy, of Buffalo, N. Y., for bankrupt.

E. J. Culligan, of Buffalo, N. Y., for creditor.

Penney &·Penney, of Buffalo, N. Y., for Marine Trust Co.

KNIGHT, District Judge.'

On May 21, 1932, Herbert B. Tross filed in this court a voluntary petition in bankruptcy. An adjudication was made on that day. On April 17, 1933, he filed an application for discharge, and pursuant thereto an order was granted directing a hearing thereon to be had on June 5, 1933, and the publication and service of notice of such hearing. The record does not disclose that any hearing was had or any further proceedings taken with regard to a discharge, and no discharge has even been granted. The petition for adjudication recites that the petitioner had been domiciled at 39 Phyllis Avenue and 582 Oak Street, Buffalo, New York, for the greater part of six months immediately preceding the filing of the petition.

An application is now made to set aside the petition in bankruptcy aforesaid and all proceedings thereunder, without prejudice to debtor to file new petition in bankruptcy. The Order to Show Cause does not recite the ground upon which the motion is now made, but the petition states that it is made on account of lack of jurisdiction of the court in this proceeding.

The petition does not show wherein there is any question of jurisdiction. From a reading of the record before the Referee, it seems that it is the intention of the petitioner to claim that petitioner was domiciled in Canada, when his petition in bankruptcy was filed, and not in Buffalo, New York. There is no statement in the petition that the petitioner was not domiciled in the United States. The closest and only approach to any statement to such effect is found in the second paragraph of the petition as follows: "that during the pendency of said proceeding your petitioner was *sojourning* without said district and in the Dominion of Canada." In the first place, a domicile acquired after the filing of the petition and during the proceedings would not invalidate the petition; in the second place, the mere assertion of "sojourning without said district" is not equivalent to a statement as to domicile.

Irrespective of the reasons hereinbefore given there are others why this application must be denied. A fair conclusion from the record is that the petitioner was domiciled within the United States during the required period. It appears that he at

all times had maintained a residence in Buffalo; that he had had part of his household furniture and resided at 39 Phyllis Street, Buffalo. There are numerous parts of the record of his testimony given before the Referee which show that petitioner had the legal right to claim domicile here. Among others, we find the following record of examination on June 20, 1932.

"Q. And when you were asked to get it last week, where did you go to get it? A. I had it home.

"Q. At what address? A. 39 Phyllis.

"Q. Is that your home? A. It is at the present time, yes."

It appears that all of his business had been transacted in the United States for years preceding January 1, 1932. He owned at one time a cottage at Crystal Beach, Canada, a short distance from the City of Buffalo. He had sold it, but later rented it from the purchaser. In January, 1932, he signed a so-called "Canadian Settlers" application to become a settler in Canada. It is quite apparent that this application was made merely for the purpose of enabling the petitioner to take his household goods into Canada duty free. Referring to this application, this question was asked: "And in addition to that, this form says you intend to become a permanent settler in the Dominion of Canada, does it not?" and he answered "They just told me to bring the stuff in as a settler duty free." There is much other testimony going to show that petitioner had no purpose to change his domicile. Under all the facts shown, it must be said that this court did acquire jurisdiction.

Counsel for the bankrupt in his memorandum cited numerous cases to show the effect of the lack of jurisdiction and the authority of the petitioner to raise the question of jurisdiction. There is little in conflict in these opinions to the view herein expressed. Some obiter dicta expressions may be found, but when read in their entirety, it is seen that none is an authority for bankrupt's contention here upon the facts disclosed. In the Matter of Ettinger, 2 Cir., 76 F.2d 741; In re Garneau, 7 Cir., 127 F. 677; In re Waxelbaum, D.C., 98 F. 589, all involve petitions by creditors to vacate adjudications. In Re Hebbart, D.C., 104 F. 322, a motion was made by the bankrupt and opposed by creditors holding claims arising subsequent to the original filing. It was there held that subsequent creditors were not in a position to oppose.

The objecting creditors herein were not subsequent creditors. In Re Columbia Real-Estate Co., D.C., 101 F. 965, the decision was in effect the same as In re Mitchell, 2 Cir., 219 F. 690, and we find in the opinion in Re Ettinger, supra, this expression [page 743]: "No conflicting rights have intervened; there were no assets to distribute, and others could not be prejudiced by setting aside the adjudication."

There are other grounds upon which this motion must be denied. The petition for adjudication was filed practically six years ago. By reason of such delay, the bankrupt is guilty of laches. As was said in Re Ettinger, supra, "The court may deny such application to vacate if the moving party is guilty of laches or has been estopped by his conduct." See, also, Long v. Lockman, D.C., 135 F. 197. The petitioner is also estopped from raising the question of jurisdiction under the facts shown in this case. The petitioner consciously designated his domicile as within this District, and he had the right to so designate upon the undisputed facts shown. Certainly he can not now be heard to deny that his domicile was not in the United States. See case last cited.

The motion to set aside the petition in bankruptcy heretofore filed herein, and all proceedings thereunder, is denied.