## MICHELS v. OLMSTEAD.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

No. 100. Submitted December 4, 1894. — Decided March 18, 1895.

If, in an action at law upon a written contract, oral evidence offered by the defendant that the writing signed by the parties was not intended as a contract, nor understood by either party to be binding as such, is ex-

---

cluded by the court, upon the plaintiff's objection, as incompetent to control the written contract, he is estopped, at the hearing of a bill in equity thereupon filed by the defendant for an injunction against the prosecution of the action at law, to object that the evidence was admissible at law only.

THE case is stated in the opinion.

*Mr. John D. Conely* for appellant.

*Mr. John L. Peak, Mr. R. E. Ball, Mr. R. L. Yeager,* and *Mr. A. R. Strother* for appellee.

MR. JUSTICE GRAY delivered the opinion of the court.

This was a bill in equity, filed in the Circuit Court of the United States for the Western District of Missouri by Olmstead, a citizen of Missouri, against Michels, a citizen of Michigan, for an injunction against the prosecution of an action at law brought in the same court by Michels against Olmstead to recover damages for the breach of a contract in writing, by which Michels agreed to furnish, and to put into a building to be erected by Olmstead at Kansas City, in the State of Missouri, the machinery necessary for manufacturing corn into a syrup, commonly called glucose, by the so-called dry process, and of sufficient capacity to manufacture 2000 bushels of Indian corn into such syrup every twenty-four hours; and Michels guaranteed the machinery to be of that capacity, and to produce a yield of a certain amount and quality of syrup; and Olmstead agreed to pay Michels therefor the sum of $81,160.

The bill, among other things, alleged that, before the contract was signed, Olmstead informed Michels that he did not desire to engage in the business of manufacturing syrup indi-

---

before such application shall be heard, or any action taken therein by the court, at least thirty days' written notice shall be served on the guardian appointed in this State, specifying the object of the application, and the time when the same will be heard : Provided further, that the court may in any case deny the application, unless satisfied that the discharge of the guardian appointed in this State would be to the interest of the ward.

vidually, but only as a member of a corporation which he and others contemplated forming, and as agent for whom he was negotiating; and Michels promised him that, if he would sign the contract, he would permit him to see the operation of manufacturing syrup from corn by the dry process in the works of Michels at Detroit in the State of Michigan, and then return and report to his associates, and if he should be satisfied and report that the process was in successful operation, and should accomplish the organization of the corporation, the terms of the contract might be taken as the basis of a proposition by Michels, which the corporation might adopt, but that in no event should the contract bind Olmstead individually.

The bill further alleged that, after the signing of the contract, the plaintiff and his associates discovered that the pretended dry process was worthless, and was so known to be to all persons skilled in the manufacture of syrup from corn, and that the price of machinery mentioned in the contract was extortionate and excessive; and that the plaintiff and his associates therefore did not accept Michels's proposition, nor organize a corporation; and that he was advised that his defence against the enforcement of the contract could not be made in an action at law, and he could only have relief in a court of equity.

At the first trial of the action at law brought by Michels against Olmstead, oral evidence of the facts alleged in the bill, as above stated, was offered by Olmstead, and was submitted to the jury. 4 McCrary, 549. The jury failed to agree, and (as both parties admit) upon a second trial of that action, like evidence was offered by Olmstead, and, upon the objection of Michels, was excluded by the court, as incompetent to control the written contract.

Olmstead thereupon brought this suit in equity, which was heard upon pleadings and proofs, and a final decree entered therein for him. 36 Fed. Rep. 455. Michels appealed to this court.

Upon the evidence, the fact that the writing signed by the parties, and apparently a contract between them, was not

intended as a contract, nor understood by either party to be binding as such, is so conclusively established, that a discussion of the question of fact could serve no useful purpose.

It is suggested, in the brief for the appellant, that if such was the fact, it should be set up in an action at law, and be tried by a jury. But the conclusive answer to the suggestion is, that evidence of this very fact was offered in the action at law, and excluded, upon his objection, as incompetent in that action; and that he is thereby estopped now to assert that it could or should be availed of at law. *Philadelphia Railroad* v. *Howard,* 13 How. 307; *Davis* v. *Wakelee,* 156 U. S. 680. If the evidence was inadmissible at law, which he is estopped to deny, it was certainly admissible in equity to prevent the accomplishment of what any court of chancery must consider and treat as a fraud. *Burnes* v. *Scott,* 117 U. S. 582, 588; *Burke* v. *Dulaney,* 153 U. S. 228; *Davis* v. *Wakelee,* above cited.

*Decree affirmed.*