### THE NEW YORK.

### SMITH et al. v. McALLISTER.

(Circuit Court of Appeals, Second Circuit. January 14. 1902.)

#### No. 87.

ADMIRALTY PRACTICE—CLAIMANT'S BOND.

Where, on motion of a libelant in rem, the court made an order, which it had power to make, setting aside a sale of the libeled vessel under a decree entered at the same term in another suit, on the ground of fraud and collusion, unless a bond was given by the claimant, and he furnished an ordinary claimant's bond, on which the vessel was released, he cannot thereafter be heard to deny that the bond stands in the place of the vessel, and is available to libelant in case of his recovery, unaffected by the prior decree and sale.

Appeal from the District Court of the United States for the Eastern District of New York.

See 93 Fed. 495.

Nelson Zabriskie, for appellant.

James K. Symmers, for appellees.

Before WALLACE and LACOMBE, Circuit Judges, and TOWNSEND, District Judge.

WALLACE, Circuit Judge. That there was an implied warranty of the seaworthiness of the vessel, and that the libelants were entitled to enforce the maritime lien, are clear, and it is unnecessary to add anything to the opinion of the court below in respect to these questions. We entertain no doubt that the decree below is correct, unless the lien was displaced by the sale of the vessel under the decree relied upon, by the claimant, the present appellant.

The evidence shows that, immediately after the claimant became

aware that an action in rem against his vessel was to be brought to enforce the lien, he procured an action in rem to be brought against her in the United States district court for the Eastern district of New York. The nominal libelant in that action was the master of the vessel, and the claim alleged was one for wages. Process was issued in the action, a decree taken by default, and May 14, 1896, the vessel was sold by the marshal under a writ of venditioni exponas. The claimant purchased the vessel at the sale for $160, she being of the value of upwards of $7,000 or $8,000. Shortly after the sale the libelant brought the present action in rem in the same court, and the vessel was seized upon process therein. Soon afterwards the libelants made an application to the court to vacate the default decree and the sale thereunder as fraudulent. The application was resisted by the claimant, but resulted in a decision by the court to vacate the decree and sale unless the claimant should give a bond in the present suit to release the vessel in the sum of $2,000. The bond was given and the vessel released from seizure. The decree in the suit for wages was not formally vacated. The fraudulent character of the proceedings in the suit for wages is so manifest that it would be a waste of words to discuss the evidence. If the master had an honest claim for wages he had no cause of action in rem, as he had no lien upon the vessel. The suit and the sale were collusive proceedings instituted by the claimant himself with the sole object of defeating any lien of the libelants upon the vessel. There can be no doubt of the power of a court of admiralty to vacate its own decree for fraud. Whether another court can do so consistently with the principles which govern courts of equity we need not inquire. The claimant availed himself of the benefit of the decision allowing the decree and sale to stand, and must accept its burden. He secured the release of the vessel by giving the bond as a security for the claim of the libelants. It was the plain meaning of the decision that the decree and sale should not prejudice their lien, and that a bond sufficient to secure it should be given as a condition of the release of the vessel; in other words, that to the extent the bond was a substitute for the vessel it should stand for the vessel unaffected by the decree and sale. The claimant cannot now be heard to allege the contrary. Compton v. Jesup, 167 U. S. 1, 35, 17 Sup. Ct. 795, 42 L. Ed. 55; Michels v. Olmsted, 157 U. S. 198, 15 Sup. Ct. 580, 39 L. Ed. 671; Davis v. Wakelee, 156 U. S. 680, 15 Sup. Ct. 555, 38 L. Ed. 578.

The decree is affirmed, with interest and costs.