NATIONAL CITY BANK OF GRAND RAPIDS *v.* TORRENT.

1. SECURITY—GARNISHMENT.

   A claim is secured, within the meaning of a contract providing that "whatever should remain uncollected or unsecured" at a certain time should be assigned, when a writ of garnishment is served, if the garnishee is liable.

2. NEGOTIABLE INSTRUMENTS—EXECUTORY AGREEMENT TO TRANSFER TITLE.

   An executory contract to assign a promissory note on the performance of certain conditions does not operate of itself to transfer title.

3. FORECLOSURE—SUIT FOR DEFICIENCY.

   A debtor gave a trust deed to secure several creditors. It did not require the trustee to go further than realize upon the security, although it contained a promise to pay the claims in his hands. He sold the land in a chancery foreclosure proceeding, and reported a deficiency, which he took no steps to collect. *Held*, that a creditor who had not been paid in full could maintain an action at law for the balance due him.

Error to Muskegon; Russell, J. Submitted December 13, 1901. (Docket No. 70.) Decided April 8, 1902.

*Assumpsit* by the National City Bank of Grand Rapids against John Torrent and Herman O. Lange upon promissory notes. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Reversed.

*Knappen & Kleinhans, George Clapperton*, and *Robert E. Bunker*, for appellant.

*C. W. Sessions, John Vanderwerp*, and *Geer & Williams*, for appellees.

HOOKER, C. J. The plaintiff was one of several banks holding promissory notes made by John Torrent, and indorsed by H. O. Lange, upon November 3; 1896. On the same day Torrent and wife gave a deed of lands to J. F.

Baars, as trustee, for the purpose of securing all of these notes, taking an agreement by Baars defining the trust. Subsequently other property was conveyed to the trustee for the same purpose. In 1897 the trustee commenced foreclosure in chancery, and a decree was taken, upon defendants' default, on May 13, 1897, providing for a sale on or after March 23, 1898. On March 21, 1898, upon petition filed by the trustee, the court found that the amount then due was $35,404.46, besides the sum of $24,590 of principal not then due, and ordered sale of the property. The decree contained no personal liability clause, and no provision for collecting a possible deficiency. The bill asked for no personal decree for a deficiency, and no steps have been taken in the foreclosure case to collect a deficiency. All of the property was sold to the trustee for $32,600, and this amount, less expenses, was indorsed upon the notes then due in their order. Of the plaintiff's six notes two were paid in full, and the others are the subject of this controversy.

On November 19, 1898, Baars made a contract with one Erwin that all of the property sold under the foreclosure proceedings should be put into the hands of Erwin for sale. It provided that, "whenever acceptable sales of said property should amount to the sum of $50,000 within the period of two years, such of said property as should then remain unsold should be duly conveyed to Erwin or to his assigns, as and for their property, absolutely," and "that whatever should remain uncollected or unsecured of the debt and deficiency on said respective notes against John Torrent and Herman O. Lange at the expiration of said two years *should also be duly assigned and transferred* to Erwin or to his assigns absolutely." On February 19, 1899,—being three months after said contract was made,—this action was brought upon the notes, and process in garnishment was served upon Patrick A. Ducey, Ida M. Lange, and Caroline Torrent. On May 23, 1899, disclosures having been filed, demand for the examination of the garnishees, and for a trial of the statutory gar-

nishee issues, was served upon each garnishee. About February 6, 1900, Erwin completed his contract with the trustee, and on March 31, 1900, he assigned his rights under it to Montgomery. The trustee thereupon deeded the real estate to Montgomery, who, on November 20, 1900, assigned the contract, and all his interests under it, except the real estate, to Ducey.

In this action upon the notes the defendants sought to make four defenses, which, as no question is raised upon the pleadings, may be stated briefly:

1. That the deeds of trust were foreclosed by arrangement between the defendants and the trustee for the purpose of getting rid of certain levies on behalf of other creditors upon the property, under an agreement between them that after sale on foreclosure, and purchase by the trustee, the lands should be sold at private sale and the proceeds should be indorsed upon the notes; that the sale was made to Erwin for $50,000, and that said sum should be applied upon the notes.

2. That the trustee and the defendants agreed that the trust deeds should be foreclosed, the liens of other creditors thus cut off, and that the lands should be bid in by the trustee in full of all demands; that such sale and purchase was had, and the notes were thereby satisfied.

Subsequently a second plea was filed, and under this defendants claim:

3. That the title to the notes in suit is now in Ducey, under the assignment which was made after this action was begun.

4. That plaintiff's only remedy for the collection of the deficiency remaining after the foreclosure sale is under the chancery decree.

The court directed a verdict for the defendants upon the theory that the title to these notes was in Ducey, holding that the garnishment proceedings were not such security as would preserve the title to the notes in the plaintiff. The plaintiff has brought error.

The right of the plaintiff to a judgment is said to rest upon the garnishee proceedings, because they furnish the

only ground for claiming that it has obtained any further security within two years, under the contract. It is contended that, if it can be said that such proceedings are not "security," within the meaning of the contract, or if they are void because of a want of jurisdiction in the main cause, or if they must fail because the record shows that the plaintiff is not entitled to recover in the main case upon the merits, in either of these contingencies the judgment must be affirmed. It is necessary to consider each of these questions, for the reason that, if any one of them warranted the direction of a verdict in favor of the defendants, the judgment must be affirmed.

The contract with Erwin bound the plaintiff to assign and transfer, upon the performance of certain conditions within two years, so much of its claim as should then be uncollected or unsecured. This provision indicates that plaintiff proposed to proceed with its attempt to collect its claim, and as to amounts collected the contract would not apply. The same was true of any amount not collected if it should be secured. It is insisted by the defendants' counsel that the service of garnishee process cannot be called security, within the contract, and we infer from the brief that their contention is that anything that falls short of giving plaintiff a lien for its claim upon specific property cannot be such security. Many authorities are cited to sustain the position that garnishment proceedings, like creditors' bills, do not create such liens. The difficulty is with the premise which assumes that liens upon property are the only kind of security contemplated. We have no doubt that the language used was meant to include any kind of substantial security from which the debt might be made, such as levies by execution or attachment, which would be as binding as mortgages. Again, had these defendants seen fit to give security by way of indorsers, it would have been within the fair meaning of the contract, by which this plaintiff reserved the right to collect or secure its claim for two years. Mr. Erwin's own testimony indicates this, and the garnishment proceedings

were begun within three months after the contract was made. Many authorities are cited in plaintiff's brief sustaining this interpretation of the word "security;" among these 1 Rap. & L. Law Dict. pp. 320, 352; 2 Rap. & L. Law Dict. p. 1164; *First Nat. Bank of Stewart* v. *Hollinsworth,* 78 Iowa, 575 (43 N. W. 536, 6 L. R. A. 92); *Buckingham* v. *McLean,* 13 How. 150; *Oliver* v. *Sterling,* 20 Ohio St. 391; *Field* v. *Holland,* 6 Cranch, 8; *Levy* v. *Lovell,* 14 Ch. Div. 234; *In re Stanhope Silkstone Collieries Co.,* 11 Ch. Div. 160; *Storm* v. *Waddell,* 2 Sandf. Ch. 494, 506; Rood, Garnish. § 7.

It is contended that the denials of liability by the garnishees through their disclosures is conclusive, and that, in view of them, there is no substance to the claim that the plaintiff has security. That would perhaps be so if the disclosures were conclusive. They are not, under our statute. The plaintiff has the right to an examination and a trial, upon which it may establish the garnishees' liability over their denial. By its process it has subjected them to liability, and made them accountable for any property, etc., within their control. In a sense it has security on such property or fund, for the garnishee is legally bound to retain and produce it, and, while he may have the physical power to dispose of it, he incurs a personal liability thereby.

This brings us to the further question of plaintiff's right to sue. Leaving out of the question the chancery proceedings, may the plaintiff sue? Defendants' theory seems to be that Ducey is the owner of these notes, and we may add, if this be so, it might be claimed that there is no way of determining that plaintiff has security in the garnishee matter, and is therefore not entitled to judgment in the main suit until judgments have been rendered therein, and, as there can be no such judgment until plaintiff obtains a judgment in this suit, the plaintiff's proceedings are at a "dead-lock." The vice in this contention is that Ducey never owned these notes. They have always belonged to the plaintiff. If it has refused to per-

form its contract by assigning the claim to Ducey according to its promise, it does not follow that he is the owner. Plaintiff made an executory contract with Erwin. Both parties have done something towards performance. Erwin has sold enough of the property to produce $50,000. The plaintiff has conveyed the remainder to Erwin's assignee. It has not assigned its claim, because it maintains that Erwin is not entitled to it under the contract. It has retained the title to the notes and to the decree, and seeks to enforce its alleged claim. Title to neither has passed to Ducey, whatever the sequel may show him to be lawfully entitled to under his contract. Both parties must have contemplated that plaintiff would retain title so long as it had an interest, and therefore that it would only pass by an assignment, as provided for in the executory contract. *Ball* v. *Silver*, 17 Ind. 539; *Scott* v. *Metcalf*, 13 Smedes & M. 563. The plaintiff is entitled to a judgment upon the notes if they have not been paid, unless by reason of the trust agreement or subsequent chancery proceedings it has been deprived of such right. Ducey has his remedy upon his contract. If it is not clear upon this record that the purchase at foreclosure sale was not in full of plaintiff's claim, and that the trustee was not under obligation to apply the sum of $50,000 upon the claims in his hands, these matters were certainly disputed questions of fact, and apparently the learned circuit judge so considered them.

It remains to discuss the effect of the chancery proceedings as an obstacle to this suit. The circuit court has jurisdiction of this case *prima facie*. If, by reason of the pendency of another suit, this action should be abated, it is elementary that a dilatory plea should have been interposed at the outset. But it was not. The general issue was pleaded, with a notice. Subsequently a further notice was filed and served, in which the point is raised, and all questions are tried together. It is claimed that, at the most, the bringing of this action is an irregularity, and that it has been waived; but we find it unnecessary to de-

cide the question. The chancery proceeding was brought by the trustee to realize upon a security. There is nothing in the deed or declaration of trust that contemplated that he should go further than to realize upon the security in his hands, and apply it upon the debt. It is true that the agreement contains a promise by defendants to pay the amount of the claims in his hands, and this is followed by a power of sale; nothing more. It is possible that the statute should be so construed as to make it within the power of the trustee to proceed in chancery for a deficiency, but the trustee has not so construed this writing. He has made no claim for a deficiency. The decree determined the amount due, of necessity, but no attempt was made to declare or define the extent of any personal liability. We think that, under the circumstances, a court of chancery should not have refused leave to bring this suit had the privilege been asked, nor should the circuit court have stayed proceedings had a motion been made.

It is claimed that these notes were merged in the decree rendered in the foreclosure case, and that they cannot, therefore, be the foundation of a judgment in this case. The question is raised for the first time in this court. Had it been raised in the circuit court, the circuit judge would doubtless have permitted the addition of a proper count, if necessary. The decree was rendered in the case before the full amount of these notes was due, and, while it determined the amount of principal to become due on the aggregate of notes payable to several persons at some time or times not stated, it does not show how much was based upon the plaintiff's notes. Whether, under such circumstances, it can be said that the notes are merged in the decree, we need not decide. The point is a technical one, and, not having been raised by counsel or considered by the court, we think it should be disregarded here. Plaintiff should be permitted to amend its declaration if it chooses to do so.

. The judgment is reversed, and a new trial ordered.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.