**SHINGLETON et al. v. ARMOUR BOULEVARD CORPORATION.**

No. 11067.

Circuit Court of Appeals, Eighth Circuit.

April 22, 1938.

Rehearing Denied May 12, 1938.

474

Eaton Adams and John B. Pew, both of Kansas City, Mo. (G. W. Humphrey, Arthur N. Adams, Arthur N. Adams, Jr., Eaton Adams, and W. H. L. Watts, all of Kansas City, Mo., on the brief), for appellants.

David M. Proctor, of Kansas City, Mo. (Phineas Rosenberg, William Buchholz, C. H. Ewald, and David M. Proctor, Jr., all of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from a judgment of the bankruptcy court dismissing an amended involuntary petition in bankruptcy filed against Armour Boulevard Corporation and refusing to adjudge it a bankrupt. The ground upon which the court dismissed the petition and refused adjudication was that the petition did not state facts sufficient to constitute an act of bankruptcy. The sole question on this appeal is therefore whether the amended petition was sufficient.

The allegations of the petition pertinent to this inquiry are substantially as follows: That the Armour Boulevard Corporation did, on or about the 16th of February, 1937, while insolvent, and with full knowledge of its insolvency, cause, suffer, and permit a creditor, one Lillian E. Meyenschein, to obtain a judgment against it in the circuit court of Jackson county, Mo., for $2974.82; that the Armour Boulevard Corporation entered its appearance in said cause and filed a confession of judgment and through its counsel presented this confession of judgment to the circuit court of Jackson county, Mo., where the cause was pending, and thereupon caused, permitted, and consented to the rendition by the said court of a judgment based upon such confession, the judgment being entered on the 16th day of February, 1937. That after judgment, the alleged bankrupt caused, suffered, and permitted general execution to issue thereon, and on or about the 3d day of March, 1937, pursuant to a general execution on such judgment, caused, suffered, and permitted the sheriff to seize and attach all debts due or to become due by the Modern Woodmen of America to said alleged bankrupt, or so much thereof as would be sufficient to satisfy its said judgment. That the alleged bankrupt, on or about the 5th of March, 1937, likewise caused, suffered, and permitted the sheriff to attach, levy upon, and seize in the hands of Thomas F. Sotham and Harold E. Sotham, both of Jackson county, Mo., all debts owing by them to the alleged bankrupt, together with all personal property, money, rights, credits, bonds, bills, notes, drafts, checks, and other choses in action, and also all other personal property of whatever kind liable to garnishment of said Armour Boulevard Corporation in possession of or under control or charge

of or owing by the said named garnishees. That said transfer of property while insolvent was with the intent to prefer Lillian E. Meyenschein as a creditor over other creditors, including the petitioners; that Lillian E. Meyenschein had full knowledge of said intent. That the alleged bankrupt is asserting a claim against Thomas F. Sotham and Harold E. Sotham, the garnishees, said claim being the basis of a suit pending in the circuit court of Jackson county, Mo., entitled Armour Boulevard Corporation v. Harold E. Sotham and Thomas F. Sotham; that said suit is to recover money; that in said suit the attorneys of record of Armour Boulevard Corporation, the plaintiff, are the law firm of Proctor & Proctor. That Lillian E. Meyenschein is one of the original incorporators of the Armour Boulevard Corporation, and was its executive secretary at all times mentioned in the petition; that the books, records, and accounts of the corporation have been in her care and custody. The petition contains the usual jurisdictional allegations, sets out the character and amount and number of petitioners' claims, but, as no question is raised as to these allegations, they need not be here reproduced.

Appellants contended in the lower court, and contend here, that the action by Lillian E. Meyenschein against Armour Boulevard Corporation, the alleged bankrupt, followed by confession of judgment and levy under execution, constituted a transfer of a portion of debtor's property, it being alleged that Armour Boulevard Corporation was insolvent, and that such transfer was with the intent to prefer the creditor Meyenschein over the other creditors of the debtor.

Under the Bankruptcy Act, section 3a (2), 11 U.S.C.A. § 21(a) (2), a debtor who transfers while insolvent any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors commits an act of bankruptcy. It was the manifest purpose of this subdivision of the Bankruptcy Act to protect creditors from the voluntary act of the bankrupt in an attempt to prefer one creditor over another.

The word "transfer," as used in the Bankruptcy Act is defined in subsection (25) of section 1, 11 U.S.C.A. § 1 (25) as follows: " 'transfer' shall include the sale and every other and different mode of disposing of or parting with property, or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift, or security." It may be either directly to a creditor or indirectly. Whatever the nature of the mechanics employed, if the result is to procure a creditor a preference over another creditor, the transaction is forbidden. A debtor who actively aids a creditor in obtaining a judgment by means of which his debt is secured transfers his property, and, if it is done with intent to prefer, and as a result the creditor obtains security or payment of his debt in preference to other creditors, the transaction is an act of bankruptcy. In re Truitt, D.C., 203 F. 550; Folger v. Putnam, 9 Cir., 194 F. 793; In re Nusbaum, D.C., 152 F. 835.

The lower court, in sustaining the motion to dismiss the petition, expressed the view that, if the proceeding alleged results in the giving of security on the debtor's property, it would constitute an act of bankruptcy, but expressed the view that the proceeding did not create a lien upon any of the debtor's property and, hence, the transaction did not result in giving security.

It is to be noted that the petition charges the debtor with affirmative acts. It is charged that it caused its creditor Lillian E. Meyenschein, who, by the way, was one of its officers, to obtain a judgment against it; that it filed a confession of judgment and it caused judgment to be rendered against itself upon that confession. In addition to this, it is alleged not simply that it permitted acts to be done by third parties, but that it affirmatively caused the issuance of execution, and that it caused the sheriff to attach all debts due it in the hands of Thomas F. Sotham and Harold E. Sotham, and that it levied upon all personal property in their hands due it, including choses in action. According to these allegations, it was the instigator and the prime actor in this entire proceeding.

In the case of In re Musgrove Mining Co., D.C., 234 F. 99, 100, an involuntary petition in bankruptcy was filed against the mining company. The acts of bankruptcy alleged were two confessions of judgment by the mining company. No execution had issued, but the statutes of Idaho, where the property was located, gave a judgment creditor a lien on all real estate owned by the debtor, so that in that case there was no doubt of the existence of a lien. In discussing section 3, subd. (a) (2) and

subdivision (a) (3), 11 U.S.C.A. § 21 (a) (2, 3), the court, among other things, said: "Upon consideration it is concluded that while a preference effected through judicial proceedings may fall within one class or the other, the two provisions do not necessarily overlap. The distinction is to be found in the presence or absence of an intent on the part of the debtor to give a preference, and by intent is meant an actual, and not merely a constructive, intent. If the debtor has acted in such a way as to give a preference with the intent and purpose so to do, it is quite immaterial by what means such purpose is accomplished, whether by judicial proceedings or in some other manner. In such case the act falls within a (2). Upon the other hand, if, through legal proceedings, a preference has in fact been permitted or procured, but without any intent or purpose on the part of the debtor to give it, then the act falls within the terms of subdivision a (3)."

In that case, no execution had issued, but there was real estate. In the instant case, execution issued and attachments were levied upon property which the alleged bankrupt said it owned. In a judicial proceeding brought against Thomas F. Sotham and Harold E. Sotham, it alleged that they were indebted to it for money had and received. And, it must be remembered, it was the alleged bankrupt who caused execution to issue and garnishment proceedings to be levied, and by so doing it again declared that Thomas F. Sotham and Harold E. Sotham were indebted to it. It is here argued that the proceedings did not constitute an act of bankruptcy because the garnishees had not admitted they had money or property in their hands. The garnishees are not parties to this proceeding, but the alleged bankrupt is a party, and it has not only admitted, but has affirmatively declared, both by the proceedings taken and by proceedings it caused to be taken by Lillian E. Meyenschein, that these garnishees had property in their hands belonging to it. The manifest purpose of the proceeding was to reach that property, and it was the purpose of the alleged bankrupt to subject it to the payment of the judgment which it had procured against itself in favor of Lillian E. Meyenschein. Manifestly, whatever these garnishees had was subjected to the payment of this debt and it became secured thereby. It was not essential that the garnishees admit that they had money or property belonging to the alleged bankrupt. It had itself in the most convincing manner admitted this to be a fact. Having so declared and admitted when it was presumably to its advantage so to do, it should not now be permitted to escape the results of its acts by taking an inconsistent position. Holly Hill Citrus Growers' Ass'n v. Holly Hill Fruit Products, 5 Cir., 75 F.2d 13; Texas Company v. Gulf Refining Co., 5 Cir., 26 F.2d 394; Williams v. Mason, D.C., 289 F. 812; Michels v. Olmstead, 157 U.S. 198, 15 S. Ct. 580, 39 L.Ed. 671. In any event, there was a chose in action which by the garnishment proceeding was levied upon, and this was property within the meaning of the statute. Section 655, Revised Statutes of Missouri 1929, Mo.St.Ann. § 655, p. 4899; section 9977, Revised Statutes of Missouri 1929, Mo.St.Ann. § 9977, p. 8015; Womach v. City of St. Joseph, 201 Mo. 467, 100 S. W. 443, 10 L.R.A.,N.S., 140.

But it is said that, even if there were property in the hands of Thomas F. Sotham and Harold E. Sotham which belonged to the alleged bankrupt, it was not by the proceedings taken under the Missouri statutes subjected to any lien, and the inference is that it was not made available for the payment of the judgment secured in favor of Lillian E. Meyenschein in preference to the bankrupt's other creditors.

Section 1397 of the Revised Statutes of Missouri 1929, Mo.St.Ann. § 1397, p. 1612, provides as follows: "Garnishees summoned, how. When a fieri facias shall be issued and placed in the hands of an officer for collection, it shall be the duty of the officer, when directed by the plaintiff, his agent or attorney, to summon garnishees, and with like effect as in case of an original attachment."

Section 1296 of the Revised Statutes of Missouri 1929, Mo.St.Ann. § 1296, p. 1507, provides the manner for serving writs of attachment as follows: "When the credits of the defendant are to be attached, the officer shall declare to the debtor of the defendant that he attaches in his hands all debts due from him to the defendant, or so much thereof as shall be sufficient to satisfy the debt and interest, or damages and costs, and summon such debtor as garnishee."

In Kansas & Texas Coal Co. v. Adams, 99 Mo.App. 474, 74 S.W. 158, 160, it is said:

"This statutable declaration of sequestration to the garnishee takes the place of manual seizure on account of the intangibility of the credits there referred to. It constitutes constructive seizure of the credits."

Section 1399 of the Revised Statutes 1929, Mo.St.Ann. § 1399, p. 1615, provides that: "Notice of garnishment, served as provided in this article, shall have the effect of attaching all personal property, money, rights, credits, bonds, bills, notes, drafts, checks or other choses in action of the defendant in the garnishee's possession or charge, or under his control," etc.

As before observed, the claim of the bankrupt which was the basis of an action at law against Thomas F. Sotham and Harold E. Sotham was at least a chose in action, and under this statute it was reached by this garnishment proceeding. As between the alleged bankrupt and Lillian E. Meyenschein, it gave over to her the right to collect the Sotham debt when it caused it to be levied on under execution. Whether or not there is a lien upon physical properties levied upon in the hands of a garnishee which will follow it into the hands of third parties without notice is not, we think, here material. No such question is presented.

In Marx v. Hart, 166 Mo. 503, 66 S.W. 260, 266, 89 Am.St.Rep. 715, cited and relied upon by appellee, it is said: "By that service of the writ of attachment, the plaintiffs, while not obtaining a full and clear lien upon the specific property in their hands as against third persons, *did obtain such a lien as against garnishees* as gave plaintiffs the right to hold the garnishees personally liable for its value." (Italics supplied.)

Under statutes similar to the Missouri statutes, the Supreme Court of Michigan in National City Bank v. Torrent, 130 Mich. 259, 89 N.W. 938, held that garnishment proceedings were security even before any judgment had been taken against the garnishee.

In Re Standard-Detroit Tractor Co., D. C., 275 F. 952, 954, the court, in discussing the effect of garnishment proceedings under a Michigan statute quite similar to the Missouri statute, said: "The effect, therefore, of the service of the writ of garnishment, was to fasten a lien upon the indebtedness of the garnishee defendants to the principal defendant in the garnishment proceedings, the bankrupt herein, and to thereby subject the property of such bankrupt, consisting of its right to recover such indebtedness, to the lien of such garnishment. In re Ransford [6 Cir.], 194 F. 658."

The effect of the service of the garnishment under execution after judgment entered was at least to create an equitable lien upon whatever property was in the hands of these parties. That there was such property in their hands was admitted and declared by the alleged bankrupt, and it is not in position to complain if its declaration be accepted as true. The object and purpose of the Bankruptcy Act, 11 U. S.C.A. § 1 et seq., being to secure an equal and just distribution of the property of the bankrupt among creditors, to hold that an act of bankruptcy was not committed under the facts, as described by the amended petition, would go far to break down and destroy that purpose and object.

The judgment appealed from is therefore reversed, and the cause remanded to the lower court for further proceedings consistent herewith.