NEW HAVEN TILE AND FLOOR COVERING COMPANY *v.*
JANE ROMAN ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued December 6, 1950—decided January 23, 1951

*Milton A. Bernblum,* with whom were *Marvin C. Gold* and, on the brief, *Annette E. P. Gold,* for the appellant (plaintiff).

*John J. Kinney, Jr.,* for the appellees (defendants).

BROWN, C. J. The plaintiff brought this action to recover of the defendants $195 as liquidated damages under an alleged contract providing that the plaintiff make certain repairs to a house in Branford for which the defendants would pay $650. The complaint further alleged a default under the contract by the defendants' refusal to let the plaintiff do the work. The court rendered judgment for the defendants and the plaintiff has appealed.

The essential facts found by the court are not subject to correction and may be thus summarized: Joseph Sabo was the plaintiff's agent for negotiating contracts to provide materials and labor in the repair

of houses. On August 26, 1949, Sabo called at the home of the defendants, which was owned by the defendant Valentine Roman, to seek a contract for the plaintiff to repair the house. His conversation with her and her daughters, the defendants Jane and Dorothy, eventuated in his then talking with another daughter, Felicia, on the telephone, who told him to leave an estimate for the job with the defendants. After this telephone conversation, Sabo, using the plaintiff's printed form entitled "Estimate and Agreement," filled in some of its blank spaces and struck out parts of the printed matter. After he had made these changes, the gist of the provisions of the paper, exhibit A, which might be construed as purporting on its face to be a contract, was that the plaintiff would furnish the necessary labor and materials for the repairs and improvements specified, at the agreed price of $650; that, upon breach of the agreement by the defendants at any time, the plaintiff would be entitled to 30 per cent of this amount as liquidated damages; and that the terms as written would not be varied by any verbal representation or promise by any agent of the plaintiff. The plaintiff's acceptance is indicated by the signature of Sabo affixed under its name as printed at the bottom of the paper, and its approval, by the signature of another agent appearing at the left. At Sabo's request the names of the three defendants were appended below the body of the instrument immediately over the printed designation "Home Owner," though the defendant Dorothy signed only as a witness. The conversation between the defendants and Sabo concerned an estimate for the contemplated work, and both they and he understood that, before any agreement could be entered into, the approval of Felicia, who was in charge of the work that had to be done on the house and who paid any and all bills for work done on it,

must be obtained. Her approval was never given. The court concluded that no contract was entered into by the parties, for the defendants signed exhibit A believing, upon the entire conversation, that it was a statement of an estimate only.

The court's conclusion that there was no contract is correct, since the plaintiff, acting through Sabo as its agent, and the defendants all understood that there was to be no agreement until and unless the approval of Felicia was obtained, which never was done. "[A] contract is not made so long as, in the contemplation of both parties thereto, something remains to be done to establish contract relations. The law does not make a contract when the parties intend none; nor does it regard an arrangement as completed which the parties thereto regard as incomplete." *Central Bitulithic Paving Co.,* v. *Highland Park,* 164 Mich. 223, 228, 129 N. W. 46; *Ware* v. *Allen,* 128 U. S. 590, 596, 9 S. Ct. 174, 32 L. Ed. 563; *Olmstead* v. *Michels,* 36 F. 455, 456, aff'd, 157 U. S. 198, 15 S. Ct. 580, 39 L. Ed. 671; *A. E. Staley Mfg. Co.* v. *Northern Cooperatives, Inc.,* 168 F. 2d 892, 895; *Cranfill* v. *Swann Petroleum Co.,* (Tex. Civ. App.) 254 S. W. 582, 586; 12 Am. Jur. 519, § 23. *Erle, J.,* well summarizes the situation in *Pym* v. *Campbell,* 6 E. & B. 370, 373, 119 Eng. Rep. 903, in these words, quoted by the court in *Ware* v. *Allen,* supra: "[I]f it be proved that in fact the paper was signed with the express intention that it should not be an agreement, the other party cannot fix it as an agreement upon those so signing. The distinction in point of law is that evidence to vary the terms of an agreement in writing is not admissible, but evidence to show that there is not an agreement at all is admissible."

There is no error.

In this opinion the other judges concurred.