Randall J. GOODMAN, Plaintiff,

v.

ALBANY TRANSPORT, INC.;
Commercial Labor Services,
Inc., Defendants.

Albany Transport, Inc.,
Cross–Claimant,

v.

Commercial Labor Services,
Inc., Cross–Defendant.

Commercial Labor Services,
Inc., Cross–Claimant,

v.

Albany Transport, Inc.,
Cross–Defendant.

No. 96–CV–2022 (LEK/DRH).

United States District Court,
N.D. New York.

March 22, 2000.

Office of Joseph Hein, Altamont, NY, Joseph Hein, of counsel, for plaintiff.

Wayne M. Davis, P.C., Albany, NY, Wayne M. Davis, of counsel, for defendant Albany Transport, Inc.

Willacy, LoPresti & Marcovy, Cleveland, OH, Salvatore J. LoPresti, of counsel, for defendant Commercial Labor Services, Inc.

### MEMORANDUM–DECISION AND ORDER

KAHN, District Judge.

The court here addresses the problem of the proper disposition of a summary judgment motion for which the Movant failed to submit a timely statement of material facts, an ommission that would ordinarily render the motion fatally defective. At the same time, a summary judgment motion by the other Defendant calls on the Court to determine whether there are genuine issues of material fact regarding which Defendant actually employed (and discharged) Plaintiff, whether the Movant was *aware* of Plaintiff's wife's medical expenses; and, even if it was aware, whether statutory protections shielded Plaintiff's employer from adverse consequences of high health insurance claims, thereby eliminating the employer's purported improper motivation for discharging Plaintiff. Finally, the Court must determine whether it is appropriate to grant one Defendant's unopposed motion for summary judgment against the other Defendant's cross–claim for contribution and indemnification.

### I. *Background*

Plaintiff Mr Randall J. Goodman brings this action claiming Defendants have discriminated against him by discharging him from his employment at Defendant Albany Transport, Inc. ("Albany Transport" or "ATI"), because of the costs of his wife's medical treatments. He claims causes of action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, and its implementing regulations (specifically citing 42 U.S.C. § 12112(b)(4) and 29 C.F.R. § 1630.8). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343(a)(4) (civil rights). Plaintiff seeks relief in the form of a declaration that Defendants violated Plaintiff's rights under the ADA and feder-al regulations, compensatory and punitive damages of $300,000, an award of costs, disbursements and attorneys' fees pursuant to 42 U.S.C. §§ 1988 and 12205, and such other and further relief as the Court deems just and proper.

Defendant Albany Transport has filed a cross-claim against co-Defendant Commercial Labor Services, Inc. ("Commercial Labor" or "CLS") for indemnification or contribution, including attorney's fees and costs and disbursements, asserting that Commercial Labor was Plaintiff's employer, that any damages sustained by Plaintiff resulted from Commercial Labor's conduct, and that Commercial Labor has agreed to hold Albany Transport harmless in all actions by Commercial Labor employees. (*See* ATI Answer at 2 ¶¶ 7–10 (Doc. 4, 10 Mar. 1997).) Commercial Labor has filed a cross-claim against Albany Transport, asserting that Albany Transport made the decision—if any was indeed made—to discharge Plaintiff, and is thus solely liable for any damages arising therefrom; and that if the Court or trier of fact does deem Commercial Labor liable to Plaintiff, then Commercial Labor has a right of indemnification or contribution against Albany transport, against which CLS also requests the recovery of attorney's fees and costs and disbursements of this action. (*See* Answer of CLS to Pl.'s Compl., and Cross–Claim Against ATI at 3–4 ¶¶ 13–14 (Doc. 7, 27 Mar. 1997).)

### II. *Motions*

Now before the Court are two motions for summary judgment. Defendant Albany Transport *moves for summary judgment* dismissing the complaint pursuant to Fed.R.Civ.P. 56(b). (*See* ATI Notice Mot. (Doc. 25, 23 Jan. 1998).) Defendant Commercial Labor moves for summary judgment dismissing the complaint against it, and for summary judgment dismissing Albany Transport's cross-claim against it, pursuant to Fed.R.Civ.P. 56. (*See* Def. CLS's Notice Mot.Summ.J. (Doc. 31, 26 Jan. 1998).)

#### A. *Standards of Decision*
##### 1. *Dismissal*

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), for "failure to state a

claim upon which relief can be granted," must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). (Black, J.) In assessing the sufficiency of a pleading, "all factual allegations in the complaint must be taken as true," *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991), and all reasonable inferences must be construed in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see also Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1099 (2d Cir.1988), (applying the principles of construing inferences in favor of plaintiff) *cert. denied sub nom. Soifer v. Bankers Trust Co.,* 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989).

> [C]onsideration is limited to the factual allegations in [the] complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.

*Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993).

The Rules do not require the plaintiff to set out in detail the facts upon which the claim is based, but only that a defendant be given "fair notice of what the ... claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99. Individual allegations, however, that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are meaningless as a practical matter and, as a matter of law, insufficient to state a claim. *See Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987) (applying this standard to a complaint relying on civil rights statutes).

### 2. *Summary Judgment*

Summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Lang v. Retirement Living Pub. Co.,* 949 F.2d 576, 580 (2d Cir.1991). (Oakes, C.J.) The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Thompson v. Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Project Release v. Prevost,* 722 F.2d 960, 968 (2d Cir.1983). A genuine issue is an issue that, if resolved in favor of the non-moving party, would permit a jury to return a verdict for that party. *R.B. Ventures, Ltd. v. Shane,* 112 F.3d 54, 57 (2d Cir.1997) (citing *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505).

When the moving party has met the burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. at 586, 106 S.Ct. 1348. At that point, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 250, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348. To withstand a summary judgment motion, evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. *Anderson,* 477 U.S. at 248–49, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348. Thus, summary judgment is proper where there is "little or no evidence ... in support of the non-moving party's case." *Gallo v. Prudential Residential Servs.,* 22 F.3d 1219, 1223–24 (2d Cir.1994).

Summary judgment is usually unwarranted when the defendant's state of mind is at issue. *Clements v. Nassau County,* 835 F.2d 1000, 1005 (2d Cir.1987). In or-

der to raise a fact issue regarding state of mind, however, there must be solid circumstantial evidence to prove plaintiff's case. *Id.* "Mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment." *Cifarelli v. Village of Babylon,* 93 F.3d 47, 51 (2d Cir.1996).

The Court addresses the motions on the basis of these standards.

## III. *Discussion*

### A. *Defendant Albany Transport's Summary Judgment Motion*

Defendant Albany Transport's motion seeks "to dismiss the complaint pursuant to Federal Civil Rule 56." (ATI Notice Mot. at 1.) Rule 56 governs summary judgment, and the Court will proceed on the understanding that this is a motion for summary judgment, subject to the laws and rules pertaining to summary judgment.

At the time this motion was filed, actions in the Northern District were subject to the version of the Local Rules that had been amended 1 January 1997. Summary judgment motions were governed by L.R. 7.1(f), which read:

> On all motions for summary judgment pursuant to Fed.R.Civ.P. 56, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue, with specific citations to the record where such facts are set forth. The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue, with specific citations to the record where the factual issues arise. *All material facts set forth in the statement served by the moving party shall be deemed admitted unless controverted by the statement served by the opposing party. The motion for summary judgment shall be denied if the moving party fails to file and serve the statement required by this paragraph.*

In his response memorandum, Plaintiff argued that Defendant ATI's summary judgment motion should be denied as procedurally defective for lack of the required statement of material facts. (*See* Mem. Law in Opp'n Defs.' Mots.Summ.J. (hereinafter "Resp.Mem.Law") at 20 (Doc. 27, 23 Jan. 1998).) It appears that Plaintiff was correct that Defendant ATI had not submitted the required statement with its Notice of Motion and Memorandum of Law, which were signed and served on 22 December 1997. (*See* ATI Notice Mot. at 2, and certification of service by mail attached to Notice Mot.; certification of service by mail attached to Mem.Law (Doc. 26, 23 Jan. 1998).) A review of the docket record, and of the submissions in the case file, reveals nothing among Defendant ATI's documents served on Plaintiff—up to the time Plaintiff's response was signed on 12 January 1998 (Resp.Mem.Law at 22)—that might obviously be characterized as "a separate . . . statement of the material facts as to which . . . there is no genuine issue, with specific citations to the record where such facts are set forth." L.R. 7.1(f) (as am. 1 Jan. 1997).

Defendant ATI's reply memorandum addressed Plaintiff's argument as follows:

> Counsel for defendant ATI assumed that the Statement of Facts [1] and Wayne M. Davis's Affirmation [Notice of Mot. Ex. A] as submitted satisfied Local Rule 7.1(f). It is submitted that as a matter of judicial discretion the Court may accept the Statement of Facts as satisfying Local Rule 7.1(f), despite plaintiff's assertion that "this defect is now incurable, ***".

---

1. This apparently refers to pages 1–3 of Defendant ATI's Memorandum of Law in support of its summary judgment motion. This section is entitled not "Statement of Facts," but "The Facts." (Mem.Law at 1.)

(Reply Affirmation at 5–6 ¶ 15 (Doc. 29, 23 Jan. 1998).) Neither Attorney Davis's Affirmation (titled "Affidavit") nor the Memorandum of Law's "The Facts" section identifies itself as a "statement of material facts," and neither is a separate submission. Each is a mixture of statements that are at least colorably assertions of fact, and statements that are argumentative or conclusory. Many of the individual statements that one might accept as factual nonetheless lack "specific citations to the record," or have citations that are so broad (such as references to several exhibits or affidavits) as to be useless for a non-movant trying to fashion his required opposing statement of material facts.

■ A movant's statement of material facts *must* be readily identifiable. The non-movant is required to respond to that submission, and if he fails to controvert the facts that the movant has set forth, the Court will deem those facts admitted as uncontroverted for the purpose of the motion. (For that reason, as well, specific citations to the record are crucial.) It would be an *abuse* of discretion for this Court to accept as statements of material fact the submissions that Defendant's counsel "assumed" would satisfy L.R. 7.1(f) (1997); the Court simply must not accept practices that would place non-movants in the position of hunting for the elusive statement of material facts, and guessing and hoping that they were zeroing in on the right submission. Accordingly, the Court finds that Defendant ATI did not set forth a statement of material facts in compliance with the Local Rules prior to the time Plaintiff was required to serve his response to ATI's summary judgment motion.

At the time Defendant ATI filed the motion papers, the Clerk's office apparently noticed that there seemed to be no Movant's statement of material facts, and contacted counsel for ATI. The case file contains a letter from Attorney Davis to Mr John Law, Docket Clerk for the Northern District; the letter reads, in part:

> Please find enclosed, as we discussed by telephone today, defendant ATI's Statement of Undisputed Facts, a copy of which goes forth to plaintiff's and co-defendant's counsel.

(Letter from Davis to Law of 26.01.98.) The Court infers that the Clerk's office had contacted Attorney Davis, and determined that Defendant ATI had indeed not drawn up and submitted a statement of material facts. Mr Law, apparently, explained to Attorney Davis the precise requirements for a 7.1(f) (1997) statement. Defendant ATI thereupon submitted a statement that in form more closely corresponded to the requirements of the Local Rules. (*See* Plaintiff [*sic*] Albany Transport. Inc.'s Statement of Undisputed Material Facts (Doc. 56, 26 Jan. 1998).) Such an attempt to cure this defect must, however, be unavailing, because a movant's statement of material facts simply cannot fulfill its essential role if it is not submitted in a timely fashion, so that the non–movant can respond to it in his own submissions.

These motion papers were filed over two years ago. Ideally, the Court would have detected this procedural defect shortly thereafter, and ordered the parties to refile with a minimal waste of time. The Court sincerely regrets the long delay in reviewing the submissions and issuing this order, a delay that becomes, essentially, lost time for all parties. The Court's regret is accentuated by the apparent seriousness of Mrs. Goodman's illness, and its awareness of the special need for the expeditious resolution of actions involving claims of serious personal illness.

Unfortunately, the Court's great administrative backlog, which it is only now reducing to manageable size, prevented the Court from reviewing the submissions earlier in sufficient detail to detect these problems. In light of these circumstances, and in view of the aforementioned urging by counsel for the Movant ATI, *supra* p. 115, that the Court exercise its discretion in this matter, the Court will not insist on strict compliance and will instead reach the merits of this motion.

After a careful review and consideration of the record in these proceedings, of all pleadings, the submissions of all parties, and a review of the applicable law, the

Court finds that there are genuine issues of material fact that warrant a trial. Accordingly, the Court will DENY Defendant ATI's motion for summary judgment.

### B. *Defendant Commercial Labor's Summary Judgment Motion*
#### 1. *For Summary Judgment Against Plaintiff*

CLS's principal arguments in seeking summary judgment against Plaintiff are as follows. CLS contends that it acted only as a payroll service for ATI, and that ATI exercised all supervisory authority over Plaintiff, including the discretion of whether to hire or fire him. Therefore, CLS asserts, it did not discharge Plaintiff (if Plaintiff was actually discharged), and thus cannot be held liable for any breach of his rights under the ADA. CLS avers that an ATI employee, Mr John Accornero, took the actual steps of dismissing Plaintiff. Furthermore, CLS contends that if Plaintiff was discharged, it was because ATI determined that his work was unsatisfactory or he had engaged in misconduct, not because of concerns over his wife's past or prospective medical expenses. CLS maintains it did not know about these expenses before Plaintiff's termination, and so could not have taken any adverse employment action against him because of them. In any case, according to CLS, the "community rating" required by New York law, *see* N.Y.Ins.Law § 4317(a) (McKinney 1999–2000), made such individual expenses irrelevant to the cost of premiums for the group, and therefore CLS had no reason to be concerned about the medical expenses of treating Plaintiff's wife.

The issues of who employed Plaintiff, who supervised him, who provided his insurance coverage, and whether that insurance coverage was subject to increased premiums for increased individual costs, or was protected by community rating, are interrelated.

For example, Plaintiff's wife raised with ATI her concerns about her health insurance's coverage of her medical expenses. On the advice of ATI, she contacted Mr Thomas Fink, CLS's president, regarding those concerns. This raises the issue of CLS's knowledge of her medical expenses and its own concerns regarding those expenses. Mr Fink's 20 October 1995 letter (Doc. 30 Ex. F) indicates that CLS regarded Plaintiff as its employee. Plaintiff states his understanding that his health insurance was through CLS, as was that of ATI's other maintenance employees. Plaintiff asserts, on the basis of Mr Fink's affidavit, that CLS billed ATI for the full cost of employee health insurance. This raises a reasonable issue of the existence of common concern between CLS and ATI for such costs.

In arguing that individual medical expenses could not have inspired concerns about increases in premiums for its group, CLS sets forth a syllogism, that (A) the medical costs of individuals covered by a community-rated plan cannot result in increased rates for the group the individuals are members of, nor can those costs result in their group's being dropped from coverage; (B) the Goodmans were covered by a community-rated plan; and, therefore, (C) Mrs Goodman's medical expenses could not have motivated CLS to take or encourage adverse employment action against her husband, because CLS had no reason to be concerned about the effect of those expenses on the rates or coverage of its community-rated plan.

A crucial element of that logical sequence is the proposition expressed in a subordinate syllogism: that (a) community rating applies to health insurance plans for groups of insured employees numbering from 3 to 49, *see* N.Y.Ins.Law § 4317(a) (McKinney 1999–2000); (b) CLS had 38 employees when Plaintiff's employment ended; and, therefore, (c) Plaintiff and his wife were covered by a community-rated plan. The whole logical structure, however, fails to support a finding of no genuine issue of material fact, because the basic issue of whether CLS or ATI (which had over 100 employees when Plaintiff's employment ended, and therefore did not

have a statutory right to a community-rated plan) actually was Plaintiff's employer remains unsettled—*even in separate submissions by each Defendant.* This confusion is evident in the submissions in this case, and is furthermore settled under the principle of estoppel, as determined in a parallel case that may be consolidated with the present action following the resolution of pending dispositive motions: [2]

> [T]he parties dispute whether Mr. Goodman's employer was CLS or ATI. CLS alleges that it is in the business of leasing employees to other companies and that plaintiff was a CLS employee who worked at ATI. However, in CLS'[s] answer and third party complaint, it asserted that plaintiff was an employee of ATI, and that CLS provided payroll and benefit services to ATI.

*Goodman v. Commercial Labor Servs., Inc.,* No. 98–CV–1816, 2000 WL 151997, at *2 (N.D.N.Y. Feb.11, 2000) (Hurd, J.) (citations omitted). When the Defendants are taking inconsistent positions on such a matter, they cannot expect a court to decide that there is no genuine issue with respect to material facts that turn on exactly that question.

 Even if it were clear which positions Defendants were *now* maintaining, their prior inconsistent stances would render their present averments suspect. A party may not freely maintain a position that is inconsistent with one it has previously maintained. *See Roth v. McAllister Bros., Inc.,* 316 F.2d 143, 145 (2d Cir.1963) (holding that a party that in one legal proceeding maintained to its benefit the position that an individual was its employee, would not be permitted thereafter to "assume a contrary position," that the individual was *not* its employee, "in a subsequent proceeding elsewhere simply because its interests have changed"); *Bauer v. Bauer,* 5 Wash.App. 781, 490 P.2d 1350, 1355–56 (Div.1 1971); 28 Am.Jur.2d *Estop-*

*pel and Waiver* §§ 68–69 (1966 & Supp. Apr. 1999); *see also Michels v. Olmstead,* 157 U.S. 198, 201, 15 S.Ct. 580, 39 L.Ed. 671 (1895) (finding, in separate actions or proceedings involving the same parties and questions, that when evidence of a fact was offered in an action, and excluded because a party objected that it was inadmissible in that action, that that party was thereby estopped in subsequent actions to assert that it could or should be admissible); *Casey v. Galli,* 94 U.S. 673, 680, 24 L.Ed. 168 (1876) ("Parties must take the consequences of the position they assume. They are estopped to deny the reality of the state of things which they have made appear to exist, and upon which others have been led to rely."); *cf. R.H. Stearns Co. v. United States,* 291 U.S. 54, 61–62, 54 S.Ct. 325, 78 L.Ed. 647 (1934) (Cardozo, J.) (a party may not base a claim on the adverse nature of a set of circumstances that it created or sought out); *Buck v. Kuykendall,* 267 U.S. 307, 316, 45 S.Ct. 324, 69 L.Ed. 623 (1925) (Brandeis, J.) (a party may not avail itself of the benefits of a statute *and* deny its validity). In the present case, the ambiguity of Defendants' positions simply make it all the more clear that issues of material fact remain for trial, and summary judgment is inappropriate at this juncture.

 Moreover, CLS's invocation of N.Y.Ins.Law § 4317(a) does not dispel the question of whether an employer's community-rated coverage is absolutely immune from claims experience. Even if the coverage was community rated, and the insurer could not raise premiums, there would remain the issue of fact of whether the insurer could impose other adverse consequences on the company, such as refusing new applicants or otherwise limiting coverage. Such consequences could plausibly motivate an employer to discriminate against an employee with high medical expenses. With regard to this issue and

---

2. *See Goodman v. Commercial Labor Services,* 98–CV–1816, 96–CV–2022, slip op. at 3–4 (N.D.N.Y. Aug. 3, 1999) (Homer, Mag. J.)

(denying without prejudice motion to consolidate).

related ones, CLS has not satisfactorily rebutted Plaintiff's arguments that the provisions of New York State's official Rules and Regulations narrow the protections for insured groups apparently provided by N.Y.Ins.Law § 4317(a). *See* N.Y.Comp.Codes R. & Regs. tit. 11, § 360.4(f) (1999).

The Court has reviewed CLS's arguments that Plaintiff has not submitted evidence sufficient to warrant a finding that Plaintiff was improperly discharged. The Court finds that there remain genuine issues of fact requiring a trial. Having reviewed CLS's other arguments, the Court finds them lacking sufficient merit to warrant a finding that there are no genuine issues of material fact warranting trial. The Court must DENY CLS's motion for summary judgment against Plaintiff.

### 2. For Summary Judgment Against Defendant Albany Transport's Cross–Claim

CLS argues that ATI did not oppose its request for summary judgment against ATI's cross-claim for contribution or indemnification, and that the Court should therefore grant that part of its motion. It appears that ATI indeed did not oppose the motion, and did not notify the Court and the other parties that it would not do so. Failure to provide such notification contravenes the Local Rules.

> Any party who does not intend to oppose a motion . . . shall promptly notify the court and the other parties of such intention. Notice should be provided at the earliest practicable date, but in any event no less than **SEVEN CALENDAR DAYS** prior to the scheduled return date of the motion, unless for good cause shown. **Failure to comply with this Rule may result in the imposition of sanctions by the court.**

L.R. 7.1(b)3. The substantive consequences of failing to oppose a motion, too, are clear. "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e).

With respect to ATI's cross-claim for contribution, CLS argues that liability for contribution can arise only from joint responsibility for any injuries to Plaintiff. Because it had demonstrated that it is entitled to summary judgment against Plaintiff, CLS continues, it cannot, as a matter of law, be held liable for contribution to ATI for any damages awarded to Plaintiff against ATI. Of course, the premise of this argument is invalid, as the Court is denying CLS's motion for summary judgment against Plaintiff. Therefore, pursuant to Rule 56(e), the Court finds that it is *not* appropriate to enter summary judgment against ATI with respect to its cross-claim for contribution; CLS's motion is DENIED as to that part of ATI's claim.

With respect to ATI's cross-claim for indemnification, ATI failed to controvert CLS's assertion that it never entered into a contract with ATI in which it agreed to indemnify ATI. (*See* Def. CLS's L.R. 7.1(f) Statement of Undisputed Material Facts at 7 (affixed to Doc. 31).) Furthermore, ATI failed to controvert CLS's assertion that ATI acted alone and without CLS's knowledge in dismissing Plaintiff. (*See id.* at 5–6.) Therefore, for purposes of CLS's motion for summary judgment against ATI's indemnification cross-claim only, the Court will admit these as uncontroverted facts. The law is unambiguous with respect to this claim. In the absence of an express contract, any right of indemnification ATI might claim would have to arise out of implied indemnity. ATI would be able to claim implied indemnity only if it were completely innocent of any wrongdoing; if it bears at least partial responsibility for the wrong complained of, it may not avail itself of the doctrine. *See Trustees of Columbia Univ. v. Mitchell/Giurgola Assocs.*, 109 A.D.2d 449, 492 N.Y.S.2d 371, 375 (1st Dept.1985); *Reynolds v. Physicians Ins. Co. of Ohio*, 68 Ohio St.3d 14, 623 N.E.2d 30, 31–32 (1993). Again, for purposes of this motion with respect to

**120**

ATI's indemnity claim *only*, the Court credits CLS's argument that ATI acted alone in discharging Plaintiff and therefore cannot claim indemnification from CLS. The Court accordingly finds pursuant to Rule 56(e) that it is appropriate to GRANT CLS's motion with respect to ATI's cross-claim for indemnification.

### *CONCLUSION*

For the reasons stated above, it is hereby:

ORDERED that Defendant Albany Transport's motion for summary judgment against Plaintiff is **DENIED;** and

IT IS FURTHER ORDERED that Defendant Commercial Labor's motion for summary judgment against Plaintiff and against Defendant Albany Transport's cross-claim for contribution and indemnification is **GRANTED in part** and **DENIED in part,** in that Commercial Labor's request for summary judgment against Plaintiff is **DENIED in its ENTIRETY,** and its request for summary judgment against Albany Transport's cross-claim is **DENIED with respect to the claim for contribution,** and **GRANTED with respect to the claim for indemnification,** and

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.